UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY D. CHERRY,

    Plaintiff,

-v-                                              Case No.  8:07-CV-565-T-30MAP

RECORD TRANSCRIPT, INC., et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a State of Florida inmate proceeding *pro se* initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and an Affidavit of Indigency seeking leave to proceed *in forma pauperis* (Dkt. 2). The Court granted Plaintiff's motion to proceed *in forma pauperis* (Dkt. 4).

Title 28 U.S.C. §1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by §1915(e)(2) is a screening process, to be applied by the Court *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. §1915(e)(2).

In his complaint, Plaintiff asserts the following: on October 5, 2006, the Florida Second District Court of Appeal (hereafter "Second District") granted his motion to dismiss his appellate counsel and proceed on appeal pro se. When Plaintiff received a copy of the record on appeal from his former appellate counsel, Plaintiff noticed that the transcript from a September 20, 2005 hearing was missing, and that the transcript of an October 5, 2005 hearing was "fraudulent" because it did not accurately reflect what was said during that hearing. Therefore, Plaintiff filed a complaint with the Florida Attorney General's office regarding the court reporter who had transcribed the October 5, 2005 hearing, and he filed a motion with the Second District to supplement the record on appeal with an audio recording of the October 5, 2005 hearing. The Second District granted Plaintiff's motion to supplement the record and ordered Plaintiff to "make arrangements with the clerk of the circuit court for the supplementation of the record with the items mentioned in the motion" within twenty-five days.

The "State" did not produce the items within twenty-five days; therefore, Plaintiff filed a petition for a writ of mandamus[1] in the Second District and a motion for extension of time to file his initial appellate brief. The Second District granted Plaintiff's motion for an extension of time to file his brief, but denied his petition for a writ of mandamus.

Plaintiff claims that Defendants are violating his right to due process and equal protection of the law because Defendants are depriving him "of the opportunity to appeal an

---

[1] Plaintiff filed his petition for writ of mandamus asking the Second District to order Defendant, Records Transcripts, Inc., to provide the Second District with "an electronic recording" of the October 5, 2005 hearing (Dkt. 1 at 14-17).

illegitimate judgement." (Dkt. 1 at 8).[2] For relief, Plaintiff asks for an injunction instructing the Second District "to provide [him] with an accurate transcript with which to file and appeal (judgement)," and punitive damages against Records Transcript, Inc. "for it's [sic] agent violating my procedural due process rights with an evil intent and a callous indifference." (Dkt. 1 at 11).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Tillman v. Coley*, 886 F.2d 317, 319 (11th Cir. 1989), *reh'g denied en banc*, 893 F.2d 346 (11th Cir. 1989); *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989); *Cornelius v. Town of Highland Lake, Alabama*, 880 F.2d 348, 352 (11th Cir. 1989), *reh'g denied en banc*, 887 F.2d 1093 (11th Cir. 1989), *cert. denied, Spears*

---

[2]Plaintiff claims that Defendants are depriving him of the opportunity to appeal a judgment in violation of his rights to due process and equal protection (Dkt. 1 at 7). Apparently, Plaintiff claims that the Second District Court of Appeals is denying him the opportunity to appeal a judgment because it denied his petition for a writ of mandamus instructing Defendant Records Transcript, Inc. to provide him with a copy of the taped audio recording of the October 5, 2005 hearing, and Defendant Records Transcript, Inc. is denying him the opportunity to appeal a judgment because one of its court reporters failed to accurately transcribe some of what was said at the October 5, 2005 hearing.

*v. Cornelius*, 494 U.S. 1066 (1990). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

Plaintiff essentially alleges that the transcript of the October 5, 2005 hearing contains inaccurate information. However, a "plaintiff does not have a constitutional right to a totally accurate transcript of his . . . trial." *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993). A plaintiff states a claim for a violation of his constitutional rights only if the "inaccuracies in the transcript adversely affected the outcome" of the proceeding. *Id.* Plaintiff has not alleged facts indicating how the alleged inaccuracies in his transcript prejudiced him. Moreover, "court reporters are [not] liable in a section 1983 case for innocent errors, even if negligent." *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). Plaintiff's factual allegations, at best, show that the court reporter, Craven, acted negligently by failing to accurately record the proceedings. Accordingly, because Plaintiff's allegations implicate no constitutional right, his 1983 action is due to be dismissed.

**Claim against Defendant Second District**

Plaintiff asks this Court to enter an injunction instructing the Second District to provide him with "an accurate transcript." Based upon a review of the allegations in Plaintiff's complaint, it would appear that Plaintiff is requesting the Second District to provide him with the audio recording of the October 5, 2005 hearing because, according

to Plaintiff, the transcript of that hearing is inaccurate.

Initially, it appears that as to this claim Plaintiff is seeking relief from the wrong party as he does not allege that the Second District is in possession of an audio recording of the October 5, 2005 hearing. Instead, he alleges that Records Transcript, Inc. possesses the recording, and he wants Records Transcript, Inc. to provide the Second District with the recording so that the Second District may review it for purposes of Plaintiff's appeal (*See* Dkt. 1 at 16). Therefore, Plaintiff fails to state a claim upon which relief may be granted against the Second District.

Moreover, to the extent that Plaintiff is challenging in this Court the Second District's denial of his petition for writ of mandamus, in which he asked the Second District to order Records Transcript, Inc. to provide the Second District with the recording of the October 5, 2005 hearing, the *Rooker-Feldman*[3] doctrine deprives this Court of subject matter jurisdiction. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476-82 (1983). "[A] United States District Court has no authority to review judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United

---

[3]The Eleventh Circuit has described the *Rooker-Feldman* doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citation omitted).

States Supreme] Court." *Feldman*, 460 U.S. at 482. "[A]lthough federal district courts have jurisdiction over general constitutional challenges, *Rooker* and *Feldman* prohibit such courts from exercising jurisdiction to decide federal issues that are inextricably intertwined with a state court's judgment." *Blue Cross & Blue Shield, Inc. v. Weiner*, 868 F.2d 1550, 1554 (11th Cir. 1989). For *Rooker-Feldman* purposes, a federal claim and a state claim are inextricably intertwined where the success of the federal claim would effectively void the earlier state claim. *See Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997). Issuing an injunction instructing Records Transcript, Inc. to provide the Second District with the audio recording of the October 5, 2005 hearing would "effectively void" the Second District's denial of Plaintiff's petition for writ of mandamus in which Plaintiff sought the same relief. Thus, Plaintiff's claim is barred by *Rooker-Feldman*.

Likewise, to the extent Plaintiff is requesting that this Court intervene in the state court proceedings, Plaintiff's claim is somewhat akin to a mandamus action. However, federal courts "have no authority to issue such a writ to 'direct state courts or their judicial officers in the performance of their duties.'" *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *see Russell v. Knight,* 488 F.2d 96, 97 (5th Cir. 1973).[4] "Mandamus is an extraordinary remedy that lies only to confine a lower court within its jurisdiction or to compel it to perform ministerial, not discretionary, functions." *Weber v. Coney,* 642

---

[4] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

F.2d 91, 92 (5th Cir. 1981). Thus, to the extent Plaintiff seeks mandamus relief, his action is not cognizable in federal court.

Accordingly, the claim against Defendant Second District will be dismissed.

**Claim against Defendant Records Transcript, Inc.**

Plaintiff seeks punitive damages against Defendant Records Transcript, Inc. Even if Plaintiff's complaint had sufficiently alleged a constitutional violation, Defendant Record Transcript, Inc. can not be held liable for the actions of its subordinate, Craven,[5] under a theory of vicarious liability or respondeat superior. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)("It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."). Plaintiff does not allege that Defendant Record Transcript, Inc. adopted a practice or policy that led to the violation of Plaintiff's constitutional rights, or directed Craven to act unlawfully or knew Craven would act unlawfully. *See Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003)("Supervisory liability...occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation...A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when the

---

[5]The agent is apparently Carol Craven who Plaintiff asserts was the court reporter for the October 5, 2005 hearing (Dkt. 1 at 9). Carol Craven is not a party to this action.

supervisor's improper custom or policy...resulted in deliberate indifference to constitutional rights...A causal connection can also be established by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.")(internal citations and quotations omitted).

Accordingly, Plaintiff's claim for punitive damages against Defendant Record Transcript, Inc. will be dismissed.

**ACCORDINGLY**, it is **ORDERED** that:

1. Plaintiff's civil rights complaint is **DISMISSED** for failure to state a claim for which the Court can grant relief. (Dkt. 1).

2. The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

S:\Odd\2007\07-cv-565.order.wpd